In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2128

I&M Rail Link, llc,

Plaintiff-Appellee,

v.

Northstar Navigation, Inc.,

Defendant-Appellant.

On Petition for Rehearing

Decided February 25, 2000


   Before Easterbrook, Rovner, and Diane P. Wood, Circuit
Judges.

   Per Curiam.  I&M Rail Link has filed a petition
for rehearing en banc, asserting that our
decision conflicts with Texas & P. Ry. v. Angola
Transfer Co., 18 F.2d 18 (5th Cir. 1927), and
Seaboard Airline R.R. v. Pan American Petroleum
& Transport Co., 199 F.2d 761 (5th Cir. 1992).
According to I&M Rail Link, each of these cases
stands for the proposition that the Coast Guard's
finding under the Truman-Hobbs Bridge Act of
1940, 33 U.S.C. secs. 511-23 that a bridge
poses an "unreasonable hazard to navigation" must
be ignored in admiralty litigation, and in
particular that such a finding does not affect
the rule of The Oregon, 158 U.S. 186, 192-93
(1895), that the moving vessel is presumptively
at fault in any allision.

   Neither of these cases mentions the Truman-Hobbs
Bridge Act or The Oregon, so it is difficult to
see how they stand for the proposition I&M Rail
Link attributes to them. Angola Transfer, decided
13 years before the statute's enactment, could
not have any bearing on its interpretation. What
the two cases have in common with ours is that in
each an administrative official had issued an
order to renovate the bridge. That is also the
limit of the overlap. In Angola Transfer the
court of appeals held after a full trial that the
renovation was unrelated to the accident. No such
finding has been (or could be) made in this case,
which was decided on cross-motions for summary
judgment.

   Seaboard likewise was decided after a trial.

The Secretary of War had ordered the bridge's span to be increased so that the Port of Savannah could accommodate larger oceangoing vessels. This did not imply that the bridge posed safety hazards to the smaller vessels that had long been using the port. Moreover, the court of appeals did not conclude that a renovation order should be ignored; it held, instead, that such an order is not conclusive on the trier of fact, not only because it is issued ex parte but also because it does not establish that a particular shortcoming caused a given allision. We reached the same conclusion: the facts underlying the Coast Guard's decisions concerning the Sabula Bridge imply that shortcomings in its design may have played a causal role in the allision, but whether this is so (indeed, whether the design is deficient) is for the trier of fact.

All members of the panel have voted to deny the rehearing. No judge has called for a vote on the petition for rehearing en banc, which is denied.